**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

G. MARIE BROWN,
Plaintiff-Appellant,

v.

STAFFORD COUNTY PUBLIC SCHOOLS, a
Political Subdivision of the
Commonwealth of Virginia,
Defendant-Appellee.

No. 97-1552

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CA-96-850-A)

Submitted: May 19, 1998

Decided: June 10, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sa'ad El-Amin, Beverly D. Crawford, EL-AMIN & CRAWFORD,
Richmond, Virginia, for Appellant. D. Patrick Lacy, Jr., HAZEL &
THOMAS, P.C., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

G. Marie Brown appeals the district court's order granting summary judgment in favor of the Stafford County Public Schools and dismissing her claim of racial discrimination in violation of Title VII. 42 U.S.C. § 2000e-2 (1994). Brown, an African American woman, claims that her nonrenewal as a social worker in the Stafford County Public School System was racially motivated. The district court concluded that Brown had failed to establish a prima facie case of racial discrimination and dismissed the action on that ground.

Brown's position as a social worker for the Stafford County Public Schools gave her responsibility for working with students in three schools in the county. Brown was required to generate social history reports relating to specific students in her schools and conduct causal hearings concerning students' individualized education programs. As a result, Brown's skills in verbal and written communication were crucial to her success as a social worker. After a difficult year with the Stafford County Public Schools, Brown's supervisor, Susan Clark, recommended that Brown's contract be "nonrenewed." The School Board ultimately adopted this recommendation, and Brown's employment was terminated.

After Brown lodged an unsuccessful complaint with the Equal Employment Opportunity Commission, Brown received her right to sue letter and instituted this action. Following discovery, the district court granted the Stafford County Public Schools' motion for summary judgment after a hearing. This appeal followed.

This court reviews an award of summary judgment in employment discrimination cases de novo. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Although summary judgment should be used sparingly in employment discrimination cases, it is appropri-

2

ate where there is no genuine dispute of material fact. See Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1004-05 (4th Cir. 1987).

Under Title VII, the plaintiff bears the initial burden of proving a prima facie case of discrimination by raising an inference that the defendant acted with discriminatory intent. See Wileman v. Frank, 979 F.2d 30, 33 (4th Cir. 1992). This can be done either through direct evidence of discriminatory intent, or by using the four-part McDonnell Douglas scheme which provides an inference of discriminatory intent. Id. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). In the absence of direct evidence, to establish a prima facie case of discrimination under Title VII, Brown must show: (1) that she is a member of a protected class; (2) that she suffered an adverse employment action; (3) that at the time of the adverse employment action, she was performing at a level that met her employers' legitimate job expectations; and (4) that these actions occurred under circumstances giving rise to an inference of unlawful discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227-28 (4th Cir. 1998).

The district court held that Brown failed to establish a prima facie case of discrimination. Because the record clearly demonstrates that Brown's job performance was unsatisfactory, we are unable to infer discriminatory intent under the McDonnell Douglas scheme. The evidence of record shows that Brown had difficulty conducting the necessary committee meetings. In those meetings, she failed to participate appropriately, had difficulty staying awake on occasion, and had difficulty arriving on time. In addition, Brown's supervisors identified substantive and stylistic errors, in addition to typographical and grammatical errors, in her case reports on students. Brown's supervisor described her verbal and written communication skills as "very poor." Finally, Brown failed to exhibit an ability to differentiate between subjective and objective data in those reports.

Brown's evidence of record fails to rebut any of these identified deficiencies. In her brief on appeal, Brown does not suggest that the district court erred in concluding that Brown was not performing at a level that met her employers' legitimate job expectations. Rather,

3

she suggests that the district court erred in failing to address each incident of perceived inequity that occurred during her term of employment with the Stafford County Public School System. Although she refers in passing to a hostile environment claim not raised in the district court, see White v. Federal Express Corp. , 939 F.2d 157, 160 (4th Cir. 1991), Brown's allegations of less than cordial interactions with her supervisors do not alter the fact that the evidence of record is uncontroverted on one material issue: Brown was not performing her legitimate job expectations in a satisfactory manner. As a result, Brown failed to establish a prima facie case of racial discrimination. Brown's claims were properly subject to summary judgment.

The district court also considered whether Brown had stated a claim of disparate treatment based on race. To establish a prima facie case of disparate treatment under Title VII, Brown must prove that: (1) she was a member of a protected class; (2) the prohibited conduct of employees outside the protected class was as serious as the misconduct engaged in by Brown; and (3) the employer imposed harsher disciplinary measures against her than against employees outside the protected class. See Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994). The district court concluded that Brown had failed to show that any employee outside the protected class engaged in misconduct as serious as Brown's.

At best, Brown's evidence suggested that other social workers employed by Stafford County had grammatical and typographical errors in their reports comparable to the errors Brown made. There is no evidence that other social workers had similar deficiencies in generating their reports or in conducting committee meetings. Brown also presented evidence of assistance given to a new music teacher in the school system. Brown claims she did not receive similar assistance in her struggles as a new social worker. However, as the district court correctly noted, there is no evidence of record that demonstrates the nature of the music teacher's job or his responsibilities. This evidence is necessary to show that he was similarly situated to Brown. In addition, there was no evidence to show the specific nature of his failures or misconduct in order to prove that the disciplinary measures he received, or did not receive, were impermissibly different from those Brown received. As a result, the district court did not err in conclud-

4

ing that Brown had failed to state a prima facie claim of disparate treatment under Title VII.

Finally, Brown assigns error to the district court's refusal to consider the statement of the Assistant Superintendent for Instruction, Dr. Laverne Daniels, expressing her opinion that Brown had been the victim of racial discrimination. Under Fed. R. Evid. 701, a witness who is not testifying as an expert may express opinions or inferences that are (1) rationally based on the perceptions of the witness and (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. District courts have broad discretion regarding the admission of lay opinion evidence--such evidentiary rulings will be disturbed on appeal only for an abuse of discretion. See United States v. Fowler, 932 F.2d 306, 312 (4th Cir. 1991). In this case, the district court concluded that Dr. Daniel's opinion was not rationally based on her perceptions.

On appeal, Brown has not suggested how that ruling was an abuse of discretion. An abuse of the district court's discretion occurs when the court either fails to take into account judicially recognized factors constraining the exercise of its discretion or relies on erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court considered the proper standard enunciated by Rule 701 and did not rely on any erroneous factual premises in making its ruling. In her brief, Brown only disputes the district court's ultimate conclusion in the application of the evidentiary rule. There was no abuse of discretion in the district court's ruling.

We find no merit to either of Brown's assignments of error. As a result, we affirm the district court's order granting summary judgment in favor of the Stafford County Public Schools. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5